No. 334

## GALLOWAY v. INDUST. COMM.

No. 19676—Supreme Court

On motion to certify. Dock. March 9, 1926; 4 Abs. 192.

359. DEATH—Is inhalation of poisonous gases which brings about a physical collapse; and subsequently the employee is stricken with a disease which eventually takes his life, the primary cause of the death?

Eliza Galloway filed her claim for compensation for the death of her husband. The claim was rejected by the Industrial Commission. An appeal was instituted to the Hancock Common Pleas; but judgment was rendered against Galloway. The Court of Appeals affirmed the judgment.

The deceased, it seems, was a painter of gasoline pumps and he was, it was claimed, compelled to work in a small and illy ventilated room. It was further claimed that by reason of the state of the atmosphere at the particular time, or from some cause unknown, said employee suffered a physical collapse and died in about three months.

The Common Pleas stated its conclusion of law as follows:—"Pulmonary tuberculosis contracted by an employee working in an illy ventilated paint shop, constantly subjected to the breathing of a combination of lead and gasoline poison, from which his strength became so impaired as to render him unable to resist attack of the disease, the immediate cause of his death, is neither an occupational disease, nor an injury caused by accidental

means, within the meaning of the workmen's compensation law."

In the Supreme Court it is contended that this judgment is contrary to both the law and the humane policy of the Act. It is claimed that the employee's exhaustion from poisonous inhalations at the "particular time" in his lungs and bronchial tubes, is a physical injury under the most illiberal construction of the Act.

It is set forth that it makes no difference whether it was a poison gas or a blow from a falling substance which puts a workman in a state of physical collapse and opens the way to disease which eventually takes his life.

Attorneys—G. H. Phelps, Findlay for Galloway; C. C. Crabbe and R. R. Zurmehly, Columbus, for Commission.